UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

BARBARA M. O'NEAL, )
 )
       Plaintiff, )   Case No. 1:08-cv-723
 )
v. )   Honorable Paul L. Maloney
 )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )   **REPORT AND RECOMMENDATION**
       Defendant. )
_____)

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to supplemental security income (SSI) benefits. On May 1, 2003, plaintiff filed her application for benefits, claiming a February 1, 2003 onset of disability. (A.R. 77-81). Plaintiff's claim was denied on initial review. (A.R. 27, 41-44). On May 10, 2005, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 570-602). On September 14, 2005, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 31-37). On April 28, 2006, the Appeals Council granted plaintiff's request for review and remanded the case for consideration of the new evidence that plaintiff had presented. (A.R. 39-40). On July 28, 2006, plaintiff was hospitalized after suffering a cerebrovascular accident or stroke (A.R. 508-34) and in the August 2006 underwent anterior cervical fusion surgery. (A.R. 537). On August 29, 2006, plaintiff received a second hearing and was again represented by counsel. (A.R. 603-44). Plaintiff reached age fifty in October 2006. On December 19, 2006, the ALJ issued a decision finding that

plaintiff was not disabled. (A.R. 14-22). On June 12, 2008, the Appeals Council denied review (A.R. 5-7), and the ALJ's December 19, 2006 decision became the Commissioner's final decision.

On July 30, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claim for SSI benefits. The three issues raised by plaintiff in her statement of errors are set forth verbatim below:

I. The ALJ committed reversible error by not properly considering the evidence from Plaintiff's treating physicians.

II. The ALJ did not have substantial evidence to support his finding that Plaintiff could return to her past relevant work.

III. The ALJ erred by not following the vocational expert's answers to accurate hypothetical questions.

(Statement of Errors, Plaintiff's Brief at 13, docket # 9). Upon review, I that the portion of the Commissioner's decision finding that plaintiff was not disabled before her July 28, 2006 stroke is supported by substantial evidence. I find that the portion of the ALJ's decision finding that plaintiff was not disabled on and after July 28, 2006 is not supported by substantial evidence, and I recommend that portion of the Commissioner's decision be vacated and the matter remanded to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity since February 1, 2003, her alleged onset of disability. (A.R. 16). He found that plaintiff had the following severe impairments: "a history of paroxysmal suprventricular tachycardia (PSVT)(status post October 2001 catheter ablation procedure), a history of pericarditis and congestive heart failure, type II diabetes mellitus, obesity, 20/200 vision in her [left] eye, and status-post cerebrovascular accident with left-sided weakness." (A.R. 17). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 17). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry up to twenty pounds occasionally, and up to ten pounds frequently, to sit, stand and/or walk for six hours total in an eight-hour workday, to frequently balance and or stoop, to occasionally climb, kneel, crouch, and/or crawl, to have no objects presented to her from the left side secondary to loss of vision in her left eye, and to take a normal-length rest room break every hour.

(A.R. 18). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 21). The ALJ indicated that plaintiff was disabled at the time of the hearing as a result of her then-recent stroke, but the ALJ anticipated that plaintiff's condition would improve:

> While the claimant's testimony shows that she was disabled at the time of the hearing secondary to her stroke, including her left-sided weakness, and other symptoms, and from her urinary incontinence that she testified occurred more than twice an hour, those conditions are not expected to last for 12 months following that stroke; rather, it is concluded that she will regain the residual functional capacity to perform a limited range of light work as set forth above within one year from that July 2006 stroke. That is supported by the fact that she is attending physical therapy, making progress towards improving her functioning, and the fact that she has actually shown improvements in her symptoms in the relatively short period of time since that stroke.

(A.R. 21). The ALJ found that plaintiff's past relevant work at the light exertional level as a fast food worker and as a cashier at a self-service gas station would not require the performance of work precluded by plaintiff's RFC. (A.R. 639-40). The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis[1]. (A.R. 14-22).

**1.**

Plaintiff argues that the ALJ committed reversible error "by not properly considering the evidence from Plaintiff's treating physicians." (Plf. Brief at 13). Plaintiff's brief does not identify the treating physician or the opinion which purportedly failed to receive adequate weight under the treating physician rule. The only physician plaintiff mentions in this section of her brief is Phillip Hoekstra, M.D., a treating urologist. (Plf. Brief at 15). The ALJ gave "significant weight" to Dr. Hoekstra's opinions, (A.R. 21) including his October 19, 2005 statement that plaintiff could lift up to 25 pounds. (A.R. 368).

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner and a treating physician's opinion that a patient is

---

[1] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see Lindsley v. Commissioner*, 560 F.3d 601, 602-03 (6th Cir. 2009).

disabled is not "giv[en] any special significance." 20 C.F.R. § 404.1527(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirement of a listed impairment because they are administrative issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009); *Deaton*, 315 F. App'x at 598; *Warner*, 375 F.3d at 390.

It is the ALJ's job to resolve conflicting medical evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Mitchell v. Commissioner*, No. 08-6244, 2009 WL 1531879, at * 3 (6th Cir. June 2, 2009); *Martin v. Commissioner*, 170 F. App'x 369, 373 (6th Cir. 2006). Judicial review of the Commissioner's final administrative decision does not encompass resolving such conflicts. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) *Walters v. Commissioner*, 127 F.3d at 528; *see Price v. Commissioner*, No. 08-4210, 2009 WL 2514079, at * 2 (6th Cir. Aug. 19, 2009). The treatment relationship is one of the factors that the ALJ considers in determining what weight to give a medical opinion. Generally, more weight is given to the medical opinions of treating sources. 20 C.F.R. § 404.1527(d)(2). If the ALJ finds that the treating source's opinion on the issues of the nature and severity of the claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case, the social security regulations specify that the ALJ is to give the medical opinion controlling weight. *Id.*; *see McGrew v. Commissioner*, No. 08-4561, 2009 WL 2514081, at * 3 (6th Cir. Aug. 19, 2009); *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009);

*White v. Commissioner*, 572 F.3d 272, 285-86 (6th Cir. 2009). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir. 2008) ("This court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). An opinion that is based on the claimant's reporting of her symptoms is not entitled to any particular weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Mitchell v. Commissioner*, 2009 WL 1531879, at * 5-6; *Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007).

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(d), 416.927(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006); *see also Anthony v. Astrue*, 266 F. App'x 451, 458-59 (6th Cir. 2008).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d at 875-76; *see Allen v. Commissioner*, 561 F.3d 646, 651 (6th Cir. 2009); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deem them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876. Upon review, I find no violation of the treating physician rule.

**2.**

Plaintiff argues that the ALJ did not have substantial evidence supporting his finding that she was not disabled because she remained capable of performing her past relevant work. (Plf. Brief at 13-14). The ALJ's finding that plaintiff remained capable of performing her past relevant work through July 27, 2006, is supported by substantial evidence, and I recommend that portion of the Commissioner's decision be affirmed. The ALJ's finding that plaintiff's left-sided weakness and other post-stroke symptoms would not be expected to last for twelve months is not supported by substantial evidence. The ALJ's finding appears to be supported only by his own speculation as to the progress made by plaintiff, and not any medical prognosis or other evidence. Plaintiff clearly cannot perform her past relevant work, in light of the serious effects of her stroke and other health setbacks in 2006. I recommend that the portion of the Commissioner's decision finding that plaintiff was not disabled on and after July 28, 2006, be vacated, and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, at which the Commissioner would have the burden of identifying a significant number of jobs in the

economy that can accommodate plaintiff's limited RFC, age (closely approaching advanced age), the other relevant factors. *See Poe v. Commissioner*, No. 08-5912, 2009 WL 2514058, at * 6 (6th Cir. Aug. 18, 2009).

**3.**

Plaintiff's argument that the ALJ committed error by not following the vocational expert's answers to accurate hypothetical questions (Plf. Brief at 16) is meritless. The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis. He never reached Step 5 of the sequential analysis. If at any point in the sequential evaluation process the ALJ determines that a claimant is not disabled, the ALJ is <u>not</u> required to go on to the next step. 20 C.F.R. § 404.1520(a)(4); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). Further, it is well established that vocational expert testimony is not required at Step 4 of the sequential analysis. *See Cruse v. Commissioner*, 502 F.3d 532, 545 (6th Cir. 2007); 20 C.F.R. § 404.1560(b)(2). The ALJ was not bound to accept hearing testimony of any witness, including the VE. *See Banks v. Massanari*, 258 F.3d 820, 827-28 (8th Cir. 2001).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the portion of the Commissioner's decision finding that plaintiff was not disabled from her alleged onset of disability of February 1, 2003 through July 27, 2006 be affirmed. I further recommend that the portion of the Commissioner's decision finding that plaintiff was not disabled on and after July 28, 2006 be vacated, and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.


Dated: September 1, 2009 /s/ Joseph G. Scoville
United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).