UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BARBARA M. O'NEAL,                    )
                                      )
                    Plaintiff,        )        Case No. 1:08-cv-723
                                      )
v.                                    )        Honorable Paul L. Maloney
                                      )
COMMISSIONER OF                       )
SOCIAL SECURITY,                      )
                                      )        **REPORT AND RECOMMENDATION**
                    Defendant.        )
_____)


     This was a social security action brought under 42 U.S.C. § 1383(c)(3), seeking

review of a final decision of the Commissioner of Social Security denying plaintiff's claims for

supplemental security income (SSI) benefits. On September 29, 2009, the court entered a judgment

(docket # 17) affirming the Commissioner's decision that plaintiff was not disabled from her alleged

onset of disability from February 1, 2003, through July 27, 2006, but vacating the finding that

plaintiff was not disabled on and after July 28, 2006, and remanding the matter to the Commissioner

under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

     On December 21, 2009, the parties filed a stipulated motion[1] asking the court to

award plaintiff $3,200.00 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28

U.S.C. § 2412. (docket # 18). Upon review, I recommend that the court enter an order granting

---

[1]The motion (docket # 18) was actually filed by defendant's attorney, and it is labeled as a
"Stipulation to Attorney Fees Under the Equal Access to Justice Act (EAJA)." Only a prevailing
party can seek attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A). Thus, the stipulation
is construed as a motion, made by plaintiff's attorney on behalf of his client, that defendant does not
oppose.

plaintiff's motion in part and denying it in part, and that the court enter a separate judgment in plaintiff's favor against defendant in the amount of $2,843.75.

## Discussion

Plaintiff's application for fees under the EAJA is timely. The judgment remanding this matter to the Commissioner did not become a "final judgment" within the meaning of the EAJA until November 30, 2009, when the government's sixty-day period within which to appeal the judgment expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Marshall v. Commissioner*, 444 F.3d 837, 842 n. 3 (6th Cir. 2006). The application was filed "within thirty days of final judgment" as required by statute. 28 U.S.C. § 2412(d)(1)(B); *see Townsend v. Commissioner*, 415 F.3d 578, 581 (6th Cir. 2005).

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA.

Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). I find that plaintiff is entitled to an award of attorney's fees under the EAJA.

    1.    <u>Hours Claimed</u>

        The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).

        Plaintiff's attorney represents to the court that he spent a total of 22.75 hours on this case. (docket # 18, attachment). Almost all counsel's time is billed for one day: December 5, 2008. This was the date plaintiff's brief was due under the court's order directing the filing of briefs. (docket # 8). Counsel represents to the court that on December 5, 2008, he spent 17 hours on the "Preparation and filing Plaintiff's brief on appeal." The court's electronic filing records reveal that counsel filed the brief at "5:01 PM EST" -- 17 hours and 1 minute from the start of the day in question. While it is not impossible that plaintiff's attorney spent virtually every second of that day working on this case, right up to the instant the brief was electronically filed, his claim for 17 hours warrants skepticism. Here, I have taken counsel at his word as an officer of the court. However, by way of suggestion, in any future case where an itemized statement includes counsel's claim for an unusually large number of hours, an affidavit from counsel explaining the billing anomaly would be

extremely helpful. The absence of an explanation generally undermines the reasonableness of the hours claimed. Here, I recommend that plaintiff's attorney receive credit for all 22.75 hours listed in his itemized statement.

2.    Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of $152.50 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

"In requesting an increase in the hourly-fee rate, [p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff's attorney argues that he should receive an increased hourly rate based on inflation and the Consumer Price Index. In *Bryant*, the Sixth Circuit held that this was not sufficient evidence to carry the plaintiff's burden. *Id.* at 450. I find that plaintiff has not carried her evidentiary burden to justify compensation at any rate above the statutory cap. I further find that an award at the maximum hourly rate provides adequate and appropriate compensation for the work performed. Multiplying the 22.75 hours expended by counsel and the $125 per hour rate results in

a $2,843.75  total.  I find that plaintiff is entitled to an award of EAJA attorney's fees in the amount

of $2,843.75.

3.     Payment

Plaintiff's motion contains a request that her attorney receive direct payment of her

award of EAJA fees:

> Any fees paid belong to Plaintiff, and not her attorney. With her EAJA fee petition, Plaintiff
> has submitted a fee agreement with counsel, and has directed that any award under EAJA be
> paid directly to her attorney. Pursuant to the assignment of fees from Plaintiff to her attorney,
> the parties stipulate that the award of attorney fees under the EAJA shall be made payable
> directly to Plaintiff's counsel, as assignee of Plaintiff.

(docket # 18 at 1).  I recommend that the court decline this invitation to commit reversible error.  The

EAJA provides in pertinent part that the court shall award fees "to a prevailing party."  28 U.S.C.

§ 2412(d)(1)(A).  In *Bryant*, the Sixth Circuit held that payment under the EAJA must be made to

the prevailing party, not her attorney.  578 F.3d at 449.

Plaintiff's contractual obligations to her attorney under the "Social Security Fee

Agreement" (docket # 18, attachment) have never been a part of this case.  There is a significant

potential for conflict between plaintiff and her attorney with regard to the EAJA fees.  "Social

Security applicants are often in reduced financial situations and may decide that the EAJA fee award

is better spent on rent rather than paying the attorney who earned the fee."  *Badejo v. Astrue*, Civ.

No. 08-5658, 2009 WL 3380602, at * 12 (W.D. Wash. Oct. 19, 2009).  In *Bryant*, the Sixth Circuit

recognized that in instances where the prevailing party owes a debt to the federal government, her

award of EAJA fees is subject to an "administrative offset" under the Debt Collection Improvement

Act of 1996, 31 U.S.C. 3716:

> [B]ecause the EAJA awards are payable to plaintiffs rather than to plaintiffs' counsel, those awards are subject to administrative offset. . . . [A]s the Tenth Circuit explained, "[a]ll federal payments, including 'fees,' are subject to administrative offset," except for payments that are explicitly excepted from the DCIA. *Manning* [*v. Astrue*], 510 F.3d [1246,] 1255 [(5th Cir. 2007)] (citing 31 C.F.R. § 285.5(e)(1), (2)). Nothing in the EAJA or the applicable statutory and regulatory provisions governing the administrative-offset process currently exempts the attorney-fee awards at issue here from offset. . . . If Congress intended to exempt EAJA fee awards from administrative offset, it can amend either the EAJA or the DCIA, but the current statutory language leads us to conclude that attorney fees under the EAJA are subject to administrative offset.

*See Bryant*, 578 F.3d at 449. Although I have no reason to believe that the award in this case is subject to such a lien, the point is that the law requires payment to the party, not her attorney, and that efforts to circumvent the correct process may have consequences for the rights of third parties.[2] The risk of nonpayment is one of the risks plaintiff's attorney accepted. Nonetheless, plaintiff should pay her attorney all the funds she ultimately receives under the judgment awarding EAJA fees. After all, there would be no basis for an EAJA judgment if the attorney's fees had not been earned. The manner in which defendant elects to satisfy the monetary obligation created by the judgment is not properly before this court.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that the court enter an order granting plaintiff's motion in part and denying it in part, and that the court enter a separate judgment in plaintiff's favor against defendant in the amount of $2,843.75.

Dated: February 9, 2010                              /s/ Joseph G. Scoville
                                                     United States Magistrate Judge

---

[2] For this reason, it is baffling that the United States would stipulate, as it has in the present case, to a procedure so clearly contrary to law.

**<u>NOTICE TO PARTIES</u>**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).