UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA O'NEAL,
   Plaintiff,

No. 1:08-cv-723

-v-

HONORABLE PAUL L. MALONEY

COMMISSIONER OF SOCIAL SECURITY,
   Defendant.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS CONCERNING AWARD OF ATTORNEY FEES

This matter comes before the court on a report and recommendation (ECF No. 19) by the magistrate judge. Plaintiff timely filed objections. (ECF No. 20.)

## OPINION

Plaintiff Barbara O'Neal sought judicial review of the denial of her application for Social Security Income Benefits. The court found a portion of the Commissioner's decision was not supported by substantial evidence and that portion of the decision was vacated and remanded for additional proceedings. (ECF Nos. 16 and 17.) The Commissioner subsequently filed a document entitled "Stipulation to Attorney Fees Under the Equal Access to Justice Act (EAJA)." (ECF No. 18.) In the document, the parties stipulated and petitioned the court to award $3,200.00 in attorney fees. The parties further stipulated that, pursuant to an assignment of fees from Plaintiff to her attorney, the award should be made payable directly to Plaintiff's counsel.

In the report, the magistrate judge makes three recommendations. First, Plaintiff's counsel receive credit for all 22.75 hours listed on the itemized statement. Second, counsel should be compensated at the hourly rate of $125.00, the statutory rate ceiling. This would result in an award

of $2,843.75 in fees. Third, the award should paid directly to Plaintiff, rather than Plaintiff's counsel.

**STANDARD OF REVIEW**

A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

**ANALYSIS**

    **1. Propriety of the Report and Recommendation**

Plaintiff begins by questioning the propriety of the report and recommendation. Plaintiff describes the report and recommendation as a "response" by the magistrate judge to a "garden variety stipulation." (Obj., 1.) Other than decrying the issuance of the report, Plaintiff does not identify any legal error occurring from the act of issuing the report.

Plaintiff's objection is OVERRULED. The court finds the report and recommendation was

properly issued. Under 28 U.S.C. § 2412(b), a *court* may award reasonable fees to the prevailing party in any civil action brought by or against the United States. Under this statutory provision, federal courts have discretion to award fees to a party who prevails against the United States. *See Geier v. Richardson*, 871 F.2d 1310, 1312 (6th Cir. 1989). The statute further requires a *court* to award such fees, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). This "safety valve" gives a district court discretion to deny fee awards where equitable considerations dictate that an award should be denied. *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005) (citing *Scarborough v. Principi*, 541 U.S. 401, 422-23 (2004)). The magistrate judge justified treating the stipulation as a motion because the document was submitted by Defendant, who was not the prevailing party. (R&R, 1 n. 1.) It does not follow from the plain language of the statute that the parties may stipulate to fee awards. Even if such stipulation was proper, the language of the statute obligates the court to review the stipulation and approve it. Here, the magistrate judge reviewed the stipulation and concluded it should not be approved. Plaintiff has not identified any legal or factual error with regard to the magistrate's act of reviewing the stipulation.

**2. Factors Justifying an Increase in the Hourly Rate**

Plaintiff objects to the recommendation that Plaintiff's counsel did not justify an increase in the statutory cap on hourly fee rate. Plaintiff asserts "there are multiple and obvious special factors that justify an increase in the hourly rate of $125.00." (Obj., 2). Plaintiff bears the burden of producing appropriate evidence to support the requested rate increase. *United States v. Bryant*, 578 F.3d 443, 450 (6th Cir. 2009).

**A. Consumer Price Index**

3

Plaintiff first points to changes that have occurred in the Consumer Price Index (CPI) since March 1996, when the EAJA statute was enacted or last revised. Plaintiff outlined these changes in an attachment to the stipulation in which he summarizes his CPI calculations to determine a statutory fee rate adjusted for inflation. (ECF No. 18-3.) Indeed, one factor that may justify awarding fees in excess of the statutory cap is "an increase in the cost of living." 28 U.S.C. § 2414(d)(2)(A).

Plaintiff's objection is OVERRULED. Whether changes in the CPI merit an increase in the hourly rate for EAJA work was addressed by the magistrate judge. Plaintiff merely references the same argument already raised and explained in an earlier brief, without identifying any error of the magistrate judge's reasoning. Such objection does not warrant a *de novo* review. *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Furthermore, this court is bound by *Bryant*, where the Sixth Circuit found that evidence of inflation, supported by the CPI, by itself, does not justify an increase in the EAJA's statutory fee cap.[1]  578 F.3d at 450. Plaintiff's discussion of judicial pay merely illustrates the same point made by the CPI evidence.

## B. Lack of Attorneys

Plaintiff argues that there are too few qualified attorneys willing to represent social security

---

[1]Within this district, judges have consistently held that evidence of changes to the CPI is insufficient proof to justify an increase in the statutory cap. *See Rothley v. Comm'r Soc. Sec.*, No. 1:09-cv-767, 2010 WL 3852242 (W.D. Mich. Sept. 29, 2010) (Bell, J.) (adopting report and recommendation at 2010 WL 3852248 (W.D. Mich. Mar. 11, 2010) (Scoville, M.J.)); *Sassan v. Astrue*, No. 1:08-cv-120, 2010 WL 3843767, at * 1 (W.D. Mich. Sept. 28, 2010) (Jonker, J.) (modifying and approving report and recommendation at 2010 WL 3892220 (W.D. Mich. Jan. 13, 2010) (Brenneman, M.J.)); *Fassen v. Comm'r Soc. Sec.*, No. 1:09-cv-294, 2010 WL 1856335 (W.D. Mich. May 7, 2010) (Neff, J.) (adopting report and recommendation at 2010 WL 1856336 (W.D. Mich. Jan. 11, 2010) (Carmody, M.J.)).

claimants. (*See* Obj. Ex. A - Thomas Geelhoed Aff.) One factor that may justify awarding fees in excess of the statutory cap is "the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2414(d)(2)(A).

Plaintiff's objection is OVERRULED. The Supreme Court has rejected this justification for a fee award in excess of the statutory cap. *See Pierce v. Underwood*, 487 U.S. 552, 572-73 (1988). The Court held the phrase "limited availability of qualified attorneys" did not mean "lawyers skilled and experienced enough to try cases are in short supply." *Id.* The Court reasoned, if the phrase were given such meaning, the factor would always be met when the market rate for attorneys in the area exceeded the statutory cap. *Id.* The Court concluded the phrase referenced "attorneys having some distinctive knowledge or specialized skill needful for the litigation in question." Plaintiff has not demonstrated that this particular litigation, or even Social Security claims in general, require any distinctive knowledge or specialized skill. A lack of interest in pursuing Social Security claims may exist within the Western District of Michigan's legal community, and that lack of interest may manifest as a lack of general knowledge for processing Social Security cases in federal courts. It does not follow that Social Security litigation necessarily requires distinct skills and knowledge, as opposed to "general legal competence." *Id.* Thus, Plaintiff has not carried his burden.

### 3. Hours Involved and Assignment of Fees

Plaintiff does not object to the magistrate judge's recommendations with regard to the number of hours involved or the propriety of the assignment of fees.[2] Therefore, those portions of

---

[2]The magistrate judge questioned the evidence supporting the number of hours Plaintiff worked, but took "counsel at his word as an officer of the court" and recommended that Plaintiff's attorney receive credit for all hours listed in the itemized statement. (R&R, 3-4.) Plaintiff's counsel complains that the magistrate questions his honesty and explains the error in the itemized hours as a "typographical error." (Obj., 1.) Plaintiff's counsel spent 17 hours

5

the report are adopted as the opinion of this court.

**CONCLUSION**

Plaintiff has not carried the burden to produce appropriate evidence to support a fee award in excess of the statutory cap.

ORDER

For the reasons outlined below, **IT IS HEREBY ORDERED THAT:**

1. The report and recommendation (ECF No. 19) is **ADOPTED** as the opinion of this court.

2. The motion for attorney fees (ECF No. 18) is **GRANTED IN PART and DENIED IN PART.** Plaintiff Barbara O'Neal, as the prevailing party, is awarded $2,843.75 in attorney fees (22.75 hours multiplied by $125.00).

Date:  January 27, 2011                  /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         Chief United States District Judge

---

writing the appeal brief over several days, rather than on a single day as reflected on the itemized statement.